UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RENDON JOSEPH FRANCIS                           CIVIL ACTION

VERSUS                                          NO: 11-2695

UNION CARBIDE CORP. ET AL                       SECTION: "A" (5)

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 25)** filed by Plaintiff Rendon Joseph Francis (Francis). Defendant Continental Insurance Company (Continental) opposes the motion. The motion, set for hearing on **November 23, 2011**, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is **GRANTED**.

I. **BACKGROUND**

The instant case was originally filed by Plaintiff in the Civil District Court for the Parish of Orleans, Louisiana. Plaintiff alleges that he is currently suffering from malignant mesothelioma as a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos. According to Plaintiff, a significant contributing source of his asbestos exposure was household and/or secondary exposure to asbestos fibers brought home on the clothes and person of Plaintiff's father, Calvin Francis. Calvin Francis worked at Pendleton Shipyards (Pendleton) in New Orleans from 1943 through 1945. Plaintiff has asserted a Direct Action against the removing defendant, Continental, in its capacity as the liability insurer of Pendleton. Defendant Continental was served with Plaintiff's Third Supplemental and

---

[1] The Court notes that Defendant Continental has requested oral argument. However, the Court does not find that oral argument would be useful in the instant case.

Amending Petition on or about October 12, 2011, and filed its Notice of Removal (Rec. Doc. 1) with this Court on October 27, 2011.

In his petition, Plaintiff alleges that Pendleton failed to provide Plaintiff's father a safe place in which to work free from the dangers of respirable asbestos-containing dust. Plaintiff asserts that Pendleton "negligently, recklessly, willfully and/or because of gross and wanton negligence or fault": 1) failed to provide Plaintiff's father with proper safety equipment; 2) failed to disclose critical medical safety information regarding asbestos hazards in general and at the work sites in particular; 3) recklessly concealed and negligently omitted to reveal information from Plaintiff's father regarding the health and safety risks associated with asbestos at the work sites; 4) failed to timely remove asbestos hazards from the workplace; 5) failed to properly supervise or monitor the workplace for compliance with safety regulations; 6) failed to provide safe and suitable means of eliminating the amount of asbestos dust in the air; and 7) failed to provide the necessary facilities, practices, and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the home on the clothing and/or person of Plaintiff's father.

Via the instant motion, Plaintiff moves to remand this case to state court. Plaintiff urges that the Court lacks subject matter jurisdiction over this case because Defendant cannot meet the requirements for removal set forth in 28 U.S.C. § 1442(a)(1).

**II.     LEGAL STANDARD**

Federal courts are courts of limited jurisdiction. Howery v. Allstate Insurance Co., 243 F. 3d 912, 916 (5th Cir. 2001) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). The Court must assume that a suit lies outside

2

this limited jurisdiction until jurisdiction is established. Id. When a case is removed from state court, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing DeAguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1994); Jernigan v. Ashland Oil Inc., 989 F.2d 812 (5th Cir. 1993) (per curiam); Willy v. Coastal Corp., 855 F.2d 1160 (5th Cir. 1988)).

Given that Defendant removed the suit to this court, it bears the burden of establishing a basis for federal subject matter jurisdiction. Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)(citing Willy, 855 F.2d at 1164). Defendant has invoked jurisdiction under 28 U.S.C. § 1442(a)(1), asserting that at the time of the alleged failure to warn, Pendleton was acting under the direction and control of the United States Maritime Commission and United States Navy as a wartime government contractor.

28 U.S.C. § 1442(a)(1), the federal officer removal statute, provides that removal is permitted in any case in which the defendant is the United States "or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. §1442(a)(1). The statute is designed to protect officers of the federal government, who when acting pursuant to authority granted them under federal law, run afoul of the laws of a state. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir.1998) (quoting Willingham v. Morgan, 395 U.S. 402, 89

S. Ct. 1813, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969)). One of the most important functions of this right of removal is to allow a federal court to determine the validity of an asserted official immunity defense. Id. The Supreme Court has held that this right is "not to be frustrated by a grudgingly narrow interpretation of the removal statute;" its broad construction and the unique purpose of the statute require that it be "liberally construed." Willingham, 395 U.S. at 407; State of La. v. Sparks, 978 F.2d 226, 232 (5th Cir.1992) (noting Supreme Court requirement of liberal interpretation for over two decades); Watson v. Philip Morris Companies, Inc. 551 U.S. 142, 127 S.Ct. 2301 U.S., 2007 (quoting Colorado v. Symes, 286 U.S. 510, 517, 52 S.Ct. 635, 76 L.Ed. 1253 (1932)).

Federal officer removal is appropriate where 1) the defendant is a "person" within the meaning of the statute, 2) the defendant acted pursuant to a federal officer's directions when committing the acts that allegedly give rise to the injury at issue; and 3) the defendant can assert a colorable defense. Winters, 149 F.3d at 397 (quoting Willingham, 395 U.S. 402).

### III. **ANALYSIS**

In order to establish a basis for federal officer removal jurisdiction, Defendant must first demonstrate that it is a "person" within the meaning of §1442(a)(1). The Fifth Circuit has previously held that corporate entities qualify as "persons" under the statute. Id. at 398. Pendleton was a Louisiana corporation with its principal place of business in New Orleans, Louisiana, and its alleged insurer Continental is a corporate entity. The Court therefore finds that Defendant is a "person" within the meaning of the statute and that the first prong of §1442(a)(1) is satisfied.

The second factor necessary for §1442(a)(1) removal is a finding that Defendant "act[ed]

4

under" an officer or agency of the United States." Under the second prong, § 1442(a)(1) applies to governmental contractors when they can demonstrate a "causal nexus" between the plaintiffs' claims and the acts performed under the "color of federal office." Mesa v. California, 489 U.S. 121 at 131–32 (1989). The "color of federal office" prong should not be construed narrowly, but does require "a federal interest in the matter." Winters, 149 F.3d at 398 (quoting Mesa, 489 U.S. at 139). Prior decisions analyzing what constitutes federal direction have required more than "general auspices" of a federal officer, or participation in a regulated industry. Mouton v. Flexitallic, Inc., 1999 WL 225438 at *1 (E.D. La. 04/14/1999). Instead, the defendant must show "strong government intervention and the threat that a defendant will be sued in state court" based on actions which follow federal direction. Id.

In considering whether Defendant "acted under" an officer or agency of the United States, the Court notes that this case differs from that of Dupre v. Todd Shipyards, 2011 WL 4551439 (E.D. La. 09/29/11), another federal officer removal case recently decided by this court. In Dupre, the Court denied the plaintiffs' motion to remand and held that the removing defendants had established federal jurisdiction under Section 1442(a)(1). In Dupre, unlike in the instant case, the removing defendants were manufacturers of marine boilers and turbines that were designed and manufactured in strict accordance with the Navy's detailed specifications for use on naval warships. Plaintiff Dupre's products liability claims against the defendants were based upon the design and manufacture of those asbestos-containing products. This Court noted that federal interests are especially implicated where the United States Navy expressly issued detailed and direct orders to the defendants to supply a certain product, and where the products would have been rejected by the Navy had they failed to conform to the Navy's standards.

The Court finds that the case at hand more closely resembles Landry v. Northrop Grumman Industries, Inc., No. 06-9889 (E.D. La. 12/04/06) and Griffin v. Northrop Grumman Industries, Inc., No. 06-9439 (E.D. La. 12/04/06).  In both Landry and Griffin, this court found that the plaintiffs' cause of action did not turn simply on defendants' use of asbestos, but on defendants' failure to use asbestos *safely*.  Similarly, in the instant case, Plaintiff's claims are not based on Pendleton's use of asbestos as specified by the government, but are instead focused on Pendleton's alleged failure to provide a safe working environment and failure to warn.

For a Defendant to remove a failure to warn case based on federal officer jurisdiction, the government, at a minimum, must have provided some level of direct control over warnings.  See Cole, 2008 WL 2651428 at *7.  Therefore, in order to demonstrate a causal nexus, Defendant must show that the government's direction and control of activities directly interfered with Pendleton's ability to fulfill its state law obligation to warn employees of safety hazards.  Id. at *4 (citing Gauthe v. Asbestos Corp., 1997 WL 3255 (E.D.La. 01/02/97); Porche v. Flexitallic, Inc., 1996 WL 603919 (E.D.La. 10/13/96); Savoie v. Northrop Grumman, No. 05-2086 (E.D.La. 2005); Mouton v. Flexitallic, Inc., 1999 WL 225438 (E.D.La. 04/19/99); Guidroz v. Anchor Packing, No. 98-3709 (E.D.La.1999); and Overly v. Raybestos-Manhattan, 1996 WL 532150 (N.D.Ca.09/09/96).  The Court must therefore determine whether the federal government restricted Pendleton's ability to warn its employees of asbestos dangers.  Id.

According to Defendant, Pendleton was created as part of the federal government's Emergency Shipbuilding Program, implemented to increase American military industrial capacity during World War II.  The program was administered by the United States Maritime Commission.  Defendant asserts that Pendleton's shipyard facility was built for the sole and

6

exclusive purpose of building and repairing military ships. Defendant states that each of Pendleton's vessel construction contracts had identical language requiring Pendleton not to "depart from the requirements of the plans or specifications without prior written approval of the Commission." (Rec. Doc. 114 at *7). However, in the instant case, Defendant offers no evidence to suggest that the Navy gave any order or issued any standards to Pendleton to withhold warnings regarding asbestos from its employees, to refrain from implementing any industrial hygiene or safety controls to lessen or eliminate the workers' exposure to airborne asbestos, or to refrain from providing shower and/or change facilities to prevent the transport home of asbestos on the workers' clothes. To the contrary, Plaintiff has provided evidence, in the form of an affidavit by Kenneth Nelson, which indicates that the Navy expected Pendleton to implement safety and industrial hygiene controls.

Nelson was part of a six man team chosen to conduct a survey of occupational health risks in Maritime Commission and naval contract shipyards operating throughout the country in 1942. The survey was a joint effort of the Navy and the Maritime Commission. At the conclusion of the survey, Nelson and his team drafted the Minimum Requirements for Safety and Industrial Health in Contract Shipyards, which became effective in early 1943. Nelson stated in his affidavit that government inspections of shipyards by regional health consultants were not intended to take the place of the safety directors managing the shipyards. According to Nelson, the government consultants' "sole purpose" was to "observe the occupational health hazards on various jobs and recommend preventive measures." Nelson further testified that it was the responsibility of shipyard management and the safety department to inform employees of the minimum requirements, and to see that the shipyard complied with local and federal laws.

Assuming that Pendleton built ships under the direct supervision of the federal government, nothing about that supervision prevented Pendleton from warning Plaintiff's father about the dangers associated with asbestos. Thus, there is no causal connection between the injury alleged by Plaintiff with respect to Pendleton's failure to warn and Pendleton working on behalf of the federal government. See Gauthe, 1997 WL 3255 at *3. The Court finds that Defendant has not met the second requirement for federal officer removal.

Defendant must meet all three prongs of the jurisdictional test in order to establish federal officer jurisdiction. The Court cannot find a causal nexus between acts taken by Pendleton at the direction of the Marine Commission or the Navy and the failure to warn as alleged by Plaintiffs. It is therefore unnecessary for the Court to consider whether Defendants meet the third requirement of a colorable defense under federal law. Winters, 149 F.3d at 400 (citations omitted). The Court concludes that this matter was improperly removed pursuant to § 1442(a)(1) and remand is required for lack of subject matter jurisdiction.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that Plaintiffs' **Motion to Remand (Rec. Doc. 25)** is **GRANTED** for lack of subject matter jurisdiction, and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

This 7th day of December, 2011.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE